UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BROWN, | : |
| Plaintiff, | Civ. No. 14-6391 (KM) (JBC) |
| v. | |
| | OPINION |
| MELISSA CANTINERI, | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.**

### I.   INTRODUCTION

The plaintiff, Steven Brown, is a pretrial detainee at the Passaic County Jail in Paterson, New Jersey. He is proceeding *pro se* with an amended civil rights complaint pursuant to 42 U.S.C. § 1983. This Court previously administratively terminated this case because Mr. Brown had neither paid the filing fee nor had he submitted an application to proceed *in forma pauperis*. Subsequently, Mr. Brown submitted an application to proceed *in forma pauperis*. That application is granted, and the Clerk will be ordered to reopen this case.

After he filed his application to proceed *in forma pauperis,* Mr. Brown submitted an amended complaint. I will review that amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed, in part without prejudice and in part with prejudice.

## II.   BACKGROUND

Mr. Brown filed his initial complaint in this matter in October, 2014. He filed an amended complaint in November, 2014. The allegations of the amended complaint are construed as true for purposes of this Opinion. The amended complaint names Melissa Cantineri – Senior Parole Officer, as the sole defendant in this case.

The amended complaint alleges that on May 2, 2012, Ms. Cantineri prepared a knowingly false report. She allegedly is responsible for the narrative of facts on an arrest report filed against Mr. Brown for violating his supervised release. The entirety of the narrative section of the arrest report reads: "Steven Brown was arrested for violation of community supervision for life. Specifically by possessing/owing a computer with internet capability." (Dkt. No. 5 at p. 28.) The amended complaint further alleges that on March 13, 2013, Ms. Cantineri made false statements about Mr. Brown to a grand jury. Brown alleges that these falsehoods violated his constitutional rights, and he seeks compensatory and punitive damages against Ms. Cantineri.

## III.   LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted; emphasis added).

## IV.  DISCUSSION

The amended complaint centers around two alleged actions of Ms. Cantineri: (1) false statements on the arrest report dated May 2, 2012; and (2) false grand jury testimony on March 13, 2013.

A. <u>Statements in Arrest Report</u>

Mr. Brown first argues that his constitutional rights were violated when Ms. Cantineri prepared a knowingly false narrative on an arrest report against him on May 2, 2012. The § 1983 claims arising from Ms. Cantineri's arrest report are barred by the statute of limitations.

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should

have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The act giving rise to this claim against Ms. Cantineri is the filing of the arrest report on May 2, 2012. The two-year statute of limitations began to run on that date, and expired on May 2, 2014. Mr. Brown filed the original, unamended complaint in this action in October, 2014, five months after the statute of limitations had expired.

I also consider, however, whether the limitations period was suspended or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling, under New Jersey law, may arise from bases specifically listed in the statute. *See, e.g.*, N.J. STAT. ANN. § 2A:14–21 (minority or insanity); N.J. STAT. ANN. § 2A:14–22 (non-residency of persons liable). Nothing in the amended complaint, however, supports any of those statutory bases for tolling.

Equitable tolling, under New Jersey law, may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10–0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Super. Ct.

App. Div. 2002). The amended complaint, however, does not articulate any fact that would support any of these bases for equitable tolling.

Because the limitations bar is apparent from the face of the amended complaint, the complaint must be dismissed. *See Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir.2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson,* 435 F.3d 1252, 1258 (10th Cir.2006)); *Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir.2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run.").

This dismissal is, however, without prejudice to the filing of a proposed second complaint within thirty days. In such a complaint, Mr. Brown may assert facts to demonstrate that the applicable two-year statute of limitations does not bar claims arising from the May 2, 2012 arrest report.

B. March 13, 2013 Grand Jury Testimony

Mr. Brown also alleges that, on March 13, 2013, Ms. Cantineri violated his constitutional rights by testifying falsely to the grand jury. In *Rehberg v. Paulk,* 132 S. Ct. 1497 (2012), the Supreme Court held that "grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Id.* at 1506 Based on that absolute immunity, the claims that relate to Ms. Cantineri's 2013 grand jury testimony are dismissed with prejudice.

6

## V. CONCLUSION

For the foregoing reasons, Mr. Brown's claims based on Ms. Cantineri's statements in the May 2, 2012 police report are dismissed without prejudice, because they are barred by the statute of limitations. His claims based on Cantineri's 2013 grand jury testimony are dismissed with prejudice because she is immune from suit. An appropriate Order will be entered.

Dated: July 13, 2015

_____
KEVIN MCNULTY
United States District Judge