UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BROWN, <br><br> Plaintiff, <br><br> v. <br><br> MELISSA CANTINERI, <br><br> Defendant. | Civ. No. 14-6391 (KM) (JBC) |
| STEVEN BROWN, <br><br> Plaintiff, <br><br> v. <br><br> LAURA SCHRECK, <br><br> Defendant. | Civ. No. 14-7335 (KM) (JBC) <br><br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION & BACKGROUND

The plaintiff, Steven Brown, is a pretrial detainee at the Passaic County Jail. He is proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. He has filed separate actions, captioned above, against two parole officers. The complaints are similar, however, and they arise from the same events. I therefore consider them together, and direct that this opinion be filed in both actions.

Previously, this Court screened Mr. Brown's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Mr. Brown's original complaint raised two distinct claims: (1) that

these defendant Parole Officer, conspired to illegally search his home and arrest him without a warrant on May 2, 2012; and (2) that they provided false testimony against him before a grand jury on March 13, 2013. The second claim I dismissed with prejudice because a grand jury witness has absolute immunity from any § 1983 claim based on the witness's testimony. The first claim I dismissed as untimely under the applicable two-year statute of limitations. This dismissal, however, was without prejudice, and I instructed Mr. Brown that he could file a proposed amended complaint asserting facts tending to establish that the statute of limitations should be tolled or otherwise did not apply.

Mr. Brown filed a request for an extension of time to file a proposed amended complaint, and thereafter filed an application to amend, with a proposed amended complaint. Mr. Brown's request for an extension of time to file his proposed amended complaint will be granted, and the Clerk will be ordered to reopen the file and file the proposed amended complaint.

The proposed amended complaint, like the original complaint, is subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Under these statutes, I review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the amended complaint will be dismissed with prejudice.

## II.   DISCUSSION

These facts are based on the amended complaint and documents attached to it.

In 1999, Mr. Brown pled guilty to sexual assault and was sentenced to 3 years' imprisonment. The sentence, under Megan's Law, also included community supervision for life. Attached to the complaint is a form entitled "Community Supervision for Life," signed by Mr.

Brown, containing the conditions of supervision. Among them are a provision that "18. I am to permit the assigned parole officer to visit me at any time at home or elsewhere and permit confiscation of an[y] contraband observed in plain view by the parole officer." A special condition of supervision is that "2. I am to refrain from possession or use of a computer with internet access without the prior approval of the District Par[ole] Supervisor."

On May 2, 2012, Parole Officers Cantineri and Schreck, along with some police officers, went to Mr. Brown's home. They were admitted by a third person. Inside they seized a phone and computer, and arrested Mr. Brown for violation of his conditions of parole supervision. A complaint and arrest warrant were immediately obtained. Mr. Brown was charged with a violation of N.J. Stat. Ann. § 2C:43-6.4(d). The allegation was that, having been convicted of a sexual offense carrying a condition of community supervision for life, he violated the condition of his supervision that forbade him from possessing a computer with internet capability.

On March 13, 2013, the grand jury heard testimony. Mr. Brown was indicted for the parole violation offense.

Mr. Brown now sues for damages under the civil rights laws. The basis for the claims is somewhat unclear. At the root of it seems to be a contention that Mr. Brown is not a danger and should never have been placed on lifetime supervision in the first place. He claims that the defendant Parole Officers arrested him without probable cause, were responsible for the filing of a false arrest report, and testified falsely before the grand jury.

A. Grand Jury Testimony

Mr. Brown has re-alleged his claims against the defendant Parole Officers based on their allegedly false grand jury testimony. As noted above, similar claims have already been dismissed

with prejudice based on absolute immunity. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012). No further discussion is necessary.

### B. Unlawful Search/False Arrest

Mr. Brown realleges claims of unlawful search and false arrest against the Parole Officers in connection with the events surrounding his May 2, 2012 arrest.

My prior opinion cited the two-year statute of limitations governing a section 1983 claim. The claims of unlawful search and false arrest accrued as of May 2, 2012, and the statute of limitations expired on May 2, 2014. Because the original complaint was filed in November 2014, those claims were time-barred.

My prior opinion instructed Mr. Brown as to the law governing equitable tolling of the statute of limitations, and invited an amended complaint containing facts to support an application for tolling. The amended complaint contains no facts, however, on which the Court could find a basis for statutory or equitable tolling of these Section 1983 claims. The Section 1983 claims arising from the allegedly unlawful search and arrest on May 2, 2012 will therefore be dismissed. Because I have already given Mr. Brown one opportunity to amend, this dismissal is with prejudice.

The complaint against Cantineri also alleges a violation of 42 U.S.C. § 1986:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence could
> have prevented; and such damages may be recovered in an action
> on the case; and any number of persons guilty of such wrongful
> neglect or refusal may be joined as defendants in the action; and if
> the death of any party be caused by any such wrongful act and
> neglect, the legal representatives of the deceased shall have such

4

>action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986. Section 1986 contains an explicit statute of limitations of one year, shorter than the borrowed 2-year period that governs section 1983. The Section 1986 claim, too, is therefore dismissed with prejudice, because amendment would be futile.

My prior opinion instructed Mr. Brown as to the law governing equitable tolling of the statute of limitations, and invited an amended complaint containing facts to support an application for tolling. The amended complaint contains no facts on which the Court could find a basis for statutory or equitable tolling of these Section 1983 or 1986 claims. They will therefore be dismissed with prejudice.

C. False Imprisonment

In my prior Opinion, I also instructed Mr. Brown that it might be possible to allege a timely false imprisonment claim:

>A false imprisonment claim requires an allegation that the plaintiff was arrested without probable cause and that he was detained pursuant to that arrest. *See Simpson v. Owner of Dollar Tree Store*, No. 09–6162, 2010 WL 3364200, at *6 (E.D. Pa. Aug. 23, 2010) (quoting *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988))).

>Thus detention without legal process, if it continues, may extend the accrual period until "that person is held pursuant to legal process, such as when a person is bound over by a magistrate or arraigned on charges." *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S. Ct. 1091 (2007)); *see also Yagla v. Simon*, No. 14–0181, 2015 WL 1326341, at *16 (W.D. Pa. Mar. 24, 2015); *Wimbush v. Jenkins*, No. 13–4654, 2014 WL 1607354, at *9 (D.N.J. Apr. 22, 2014).

5

(Dkt. No. 2 at p.6)

Mr. Brown's complaint alludes generally to false imprisonment. I have examined the complaint and the exhibits attached to the complaint, with an eye to the liberal construction to be given *pro se* pleadings. There is no clear allegation of facts that would make a false imprisonment claim timely. Rather, the false imprisonment claim seems largely to repeat earlier allegations that the State Court should never have placed Mr. Brown on supervision in the first place, and that there was no probable cause for the search or arrest. Therefore, this false imprisonment claim will be dismissed as untimely.

Because this is Mr. Brown's first attempt to allege false imprisonment, however this dismissal is without prejudice to the filing, within 30 days, of a complaint that sets forth facts supporting a false imprisonment claim that is timely.

D. Phone and Computer Seizure

Finally, Mr. Brown may be asserting a more general due process claim related to a seizure of his phone or computer. The deprivation of his property does not state an independent constitutional claim.

> An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982), the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public

6

employees through the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:1–1, *et seq.* Because a meaningful post-deprivation remedy is available, Mr. Brown fails to state a due process claim with respect to the purported taking of his property. Therefore, to the extent that Mr. Brown is seeking to assert such a claim under the Constitution, he fails to state a claim upon which relief may be granted, and it will be dismissed with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice, except for the false imprisonment claim, which is dismissed without prejudice. An appropriate order will be entered.

DATED: February 6, 2017

_____
KEVIN MCNULTY
United States District Judge